# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PAUL AUGUST DEGRANDIS,**

    **Plaintiff,**

**v.**                **Case No: 6:14-cv-1454-Orl-GJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

    **Defendant.**

_____

# MEMORANDUM OF DECISION

  Paul August Degrandis (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for a period of disability and disability insurance benefits.  Doc. No. 1.  Claimant argues the Administrative Law Judge (the "ALJ") erred by: 1) assigning the opinion of his treating physician, Dr. Duby Avila, little weight; and 2) assigning the opinion of a non-examining physician, Dr. Edmund Molis, considerable weight.  Doc. No. 19 at 11-18.  Claimant argues the matter should be reversed and remanded for further proceedings.  *Id*. at 25.  For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

## I.  STANDARD OF REVIEW.

  The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982)

and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II.  **ANALYSIS.**

On February 29, 2012, Claimant filed an application for a period of disability and disability insurance benefits. R. 56, 180-85. Claimant alleged disability beginning on September 23, 2011. *Id.* Claimant meets the insured status requirements of the Social Security Act through December 31, 2015. R. 58. Claimant primarily challenges the ALJ's decision to assign little weight to Dr. Avila's June 19, 2013 physical Assessments (defined below). Doc. No. 19 at 11-16.

In assessing medical opinions, the ALJ must consider a number of factors in determining how much weight to give to each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. § 404.1527(c). A treating physician's opinion must be given "substantial or considerable weight," unless "good cause" is shown to the contrary. *Winschel v.*

*Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011); *see also* 20 C.F.R. § 404.1527(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence). "Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Winschel*, 631 F.3d at 1179 (quotation marks omitted). In contrast, good cause "is not provided by the report of a nonexamining physician where it contradicts the report of the treating physician." *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988). If the ALJ disregards or accords less weight to the opinion of a treating physician, the ALJ must clearly articulate his or her reasons for doing so, because the failure to do so constitutes reversible error. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

On August 9, 2012, Dr. Avila began treating Claimant for complaints of back pain, and treated him on several occasions through June 28, 2013. R. 369-95. On June 19, 2013, Dr. Avila completed a "Headaches Medical Source Statement" and "Spine Medical Source Statement" (collectively, the "Assessments"). R. 358-68. In the Assessments, Dr. Avila states Claimant has been diagnosed with migraine tension headaches, lumbar spondylosis, and multilevel stenosis. R. 358, 363. Dr. Avila opined Claimant can only sit for less than two (2) hours in an eight (8) hour workday, and can only sit for five (5) minutes before needing to stand up. R. 365. Dr. Avila opined Claimant can only stand/walk for less than two (2) hours in an eight (8) hour workday, and can only stand for ten (10) minutes before needing to sit down. *Id*. Dr. Avila opined Claimant can rarely lift or carry ten (10) pounds. R. 366. Dr. Avila opined Claimant can rarely look down or up, and can occasionally keep his head in a static position and turn it left and right. *Id*. Dr. Avila opined Claimant can never twist, stoop, crouch, squat or climb ladders or stairs. *Id*. Dr.

Avila opined Claimant has a limited ability to reach in front of himself and overhead.   R. 367.

Dr. Avila opined Claimant would be off task twenty-five percent (25%) or more while at work and

is incapable of low stress work.   R. 360-61, 67.

At step two of the sequential evaluation process, the ALJ found Claimant suffers from a

single severe impairment, "a back disorder."   R. 58.   At step four of the sequential evaluation

process, the ALJ determined that Claimant has a RFC to perform "less than the full range of light

work" as defined by 20 C.F.R. § 404.1567(b), finding:

> The claimant can lift and/or carry 20 pounds occasionally and 10
> pounds frequently.   He can stand and/or walk for 6 hours and sit for
> 6 hours in an 8-hour workday.   He can occasionally stoop, and
> frequently crouch and crawl.

R. 61.[1]   In his decision, the ALJ provided an accurate summary of Claimant's testimony and the

medical evidence of record, including Dr. Avila's treatment notes.   R. 61-64.   Thereafter, the

ALJ weighed Dr. Avila's June 19, 2013 Assessments.   R. 64.   The ALJ assigned Dr. Avila's

Assessments little weight because they were "not supported by his own examination and treatment

notes and or [sic] from the other substantial evidence of record[.]"   R. 64.   The ALJ provided no

further explanation or detail in support of the weight he assigned Dr. Avila's Assessments.   *See*

R. 56-69.

Claimant argues the ALJ's reasons for assigning the Assessments little weight are

conclusory, because he did not articulate with sufficient specificity how Dr. Avila's Assessments

were not supported by his own treatment notes and other evidence of record.   Doc. No. 19 at 14.

---

[1] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.   Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.   To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities."   20 C.F.R. § 404.1567(b).

The Court agrees.   The Commissioner attempts to provide the explanation that is lacking from the ALJ's decision by highlighting portions of Dr. Avila's treatment notes and other portions of the record the Commissioner (not the ALJ) maintains do not support the severity of the limitations in the Assessments.   *Id*. at 20-23.   The Court, however, will not affirm the Commissioner's decision based on such post hoc rationalization.   *See, e.g.*, *Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)).[2]

The ALJ's reasons for assigning the Assessments little weight are conclusory. Specifically, the ALJ does not explain how Dr. Avila's Assessments are not supported by his own treatment notes and other evidence of record.   R. 64.   Conclusory statements by an ALJ to the effect that an opinion is inconsistent with or not bolstered by the medical record are insufficient to show an ALJ's decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion.   *See Anderson v. Astrue*, Case No. 3:12-cv-308-J-JRK, 2013 WL 593754, at *5 (M.D. Fla. Feb. 15, 2013) (the ALJ must do more than recite a good cause reason to reject a treating physician's opinion and must articulate evidence supporting that reason); *see also Poplardo v. Astrue*, Case No. 3:06-cv-1101-J-MCR, 2008 WL 68593, at *11 (M.D. Fla. Jan. 4, 2008) (failure to specifically articulate evidence contrary to treating physician's opinion requires remand); *Paltan v. Comm'r of Soc. Sec.*, Case No. 6:07-cv-932-Orl-19DAB, 2008 WL 1848342, at *5 (M.D. Fla. Apr. 22, 2008) ("The ALJ's failure to explain how [the treating physician's] opinion was 'inconsistent with the medical evidence' renders review impossible and remand is

---

[2] In the Eleventh Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority."   11th Cir. R. 36-2.

required.").    The Court will not attempt to determine what specific evidence the ALJ relied on in

weighing the Assessments, as such an exercise would impermissibly require the Court to reweigh

the evidence.   *See, e.g.*, *Anderson*, 2013 WL 593754, at \*5; *Poplardo*, 2008 WL 68593, at \*11;

*Paltan*, 2008 WL 1848342, at \*5.    Consequently, the Court finds the ALJ's opinion is not

supported by substantial evidence because he did not articulate good cause for assigning Dr.

Avila's Assessments less than substantial or considerable weight.[3]    For these reasons, the

Commissioner's decision must be reversed and remanded for further proceedings.[4]

**III.    CONCLUSION.**

For the reasons stated above, it is **ORDERED** that:

1.  The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant

    to sentence four of 42 U.S.C. § 405(g); and

2.  The Clerk is directed to enter judgment for Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida on December 7, 2015.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

---

[3] Though the Commissioner does not argue harmless error, the Court notes that the error could not be deemed harmless given the material discrepancies between Dr. Avila's opinions concerning Claimant's functional limitations and the ALJ's RFC determination.   *Compare* R. 61 *with* R. 358-68.

[4] This issue is dispositive and therefore there is no need to address Claimant's remaining arguments.   *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record).

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Robert D. Marcinkowski
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc.
3505 Lake Lynda Dr.
Suite 300
Orlando, FL 32817-9801